UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. PULLEY,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden; and KAMALA D. HARRIS, Attorney General,<br><br>　　　　　　　　　Respondents. | Case No.: 14-CV-2034 JLS (MDD)<br><br>**ORDER DENYING PETITIONER'S MOTION**<br><br>(ECF No. 68) |

　　　This closed federal habeas corpus action was filed under 28 U.S.C. § 2254 by pro se state prisoner Robert G. Pulley. Almost two years after the conclusion of Petitioner's most recent appeal in this matter, Petitioner filed the present post-judgment motion ("Mot.," ECF No. 68). For the following reasons, Petitioner's Motion is **DENIED**.

## BACKGROUND

　　　In August 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court denied the Petition and entered judgment in favor of Respondents on November 14, 2016. ECF Nos. 54, 55. Petitioner filed multiple notices of appeal. *See* ECF Nos. 56, 57, 63. The Ninth Circuit denied Petitioner's request for a certificate of appealability, finding that "appellant has not made a 'substantial showing of the denial of a constitutional right.'" ECF No. 61 at 1 (quoting 28 U.S.C. § 2253(c)(2)). Petitioner's

subsequent appeal was dismissed as duplicative, and Petitioner's motion for reconsideration was denied on July 5, 2019. ECF Nos. 65, 66. Petitioner filed the present motion almost two years after the conclusion of his third appeal from his initial Petition.

## ANALYSIS

Petitioner now moves under Federal Rule of Civil Procedure 60(b)(6) to vacate the judgment so that he can file an amended habeas petition. *See generally* Mot.

### I. Rule 60(b) or Successive Petition

The Court must question first whether Petitioner's filing is a Rule 60(b) motion or a disguised 28 U.S.C. § 2254 petition. "Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of [Antiterrorism and Effective Death Penalty Act of 1996 ("]AEDPA[")]' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Calderon v. Thompson*, 523 U.S. 538, 547 (1998)). A legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A second or successive petition is a filing that contains one or more claims asserted as the basis for relief from a state court's judgment of conviction. *Id.* "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones*, 733 F.3d at 834 (quoting *Gonzalez*, 545 U.S. at 532 n.5). Such a motion "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzales*, 545 U.S. at 531.

Petitioner's Rule 60(b) motion is in truth a disguised section 2254 petition. None of his arguments amounts to an allegation of a "defect in the integrity of the federal habeas proceedings" that constitutes legitimate grounds for a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 530. Rather, Petitioner argues the Court "fail[ed] to properly address or properly consider all the evidence Appellant put forth in his effort to amend his original, timely

federal petition for writ of habeas corpus[.]" Mot. at 2.[1] Petitioner asserts claims for ineffective assistance of counsel as a basis for relief from the state court judgment. Petitioner's Motion "in effect asks for a second chance to have the merits determined favorably[.]" *Jones*, 733 F.3d at 834 (quoting *Gonzalez*, 545 U.S. at 532 n.5). His filing, then, must be treated as a second or successive petition under 28 U.S.C. § 2244(b)(3)(A).

## II. Successive Petition

AEDPA "generally bars second or successive habeas petitions." *Balbuena v. Sullivan*, 980 F.3d 619, 634 (9th Cir. 2020), *cert. denied sub nom. Balbuena v. Cates*, 141 S. Ct. 2755 (2021). Section 2244(b)(1) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). In order to file a second or successive petition, a federal habeas petitioner first must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). This bar can be avoided if the petitioner "shows" that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

First, Petitioner has not shown that he has obtained an order from the Court of Appeals authorizing this Court to consider the petition. Second, Petitioner did not announce a new rule of constitutional law that applies retroactively, *Jones*, 733 F.3d at 836, 840, and therefore it cannot underpin a second or successive petition, *id.* at 843; *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). Instead, Petitioner argues that "had the court properly considered all the evidence Appellant put forth to demonstrate his factual innocence, it would have found the extraordinary circumstances of a Fundamental Miscarriage of Justice." Mot. at 14. The Court previously evaluated Petitioner's ineffective assistance of counsel claim and found the claim was untimely. *See* ECF No. 47 at 26 (finding neither delayed accrual pursuant to 28 U.S.C. § 2244(d)(1)(D) nor delayed

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

accrual for the ineffective assistance of counsel claims apply to Petitioner's new claims). As Petitioner has not met the requirements to file a successive petition, the Court declines to revisit the merits of his Petition.

Accordingly, this second or successive petition is **DISMISSED**.

## CONCLUSION

Insofar as Petitioner's filing is a Rule 60(b) motion, it is **DENIED**.  Insofar as Petitioner's filing is a second or successive petition, it is **DISMISSED**.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The judgment and the order dismissing the Petition remain in effect.  This case remains closed.

**IT IS SO ORDERED.**

Dated:  November 9, 2021

Hon. Janis L. Sammartino
United States District Judge